UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

**CHERIE GOINS AND SENAIS EDWARDS**              **CIVIL ACTION NO.** 1:23cv225 LG-BWR

**VERSUS**                                       **SECTION:**

**GRAND CASINOS OF BILOXI, LLC**                 **JUDGE:**

## COMPLAINT

The Complaint of Cherie Goins and Senais Edwards, residents of the State of Louisiana, respectfully represents as follows:

1.

Made defendant herein is **GRAND CASINOS OF BILOXI, LLC**, a foreign limited liability company domiciled in the State of Nevada, operates Harrah's Biloxi Hotel in Biloxi, Mississippi.

2.

Jurisdiction is proper in this matter, pursuant to 28 U.S.C. §1332.

3.

Venue is proper in this matter, pursuant to 28 U.S.C. §1391.

## STATEMENT OF FACTS

4.

The plaintiffs were guests at the Harrah's Biloxi Hotel on 280 Beach Boulevard in Biloxi, Mississippi on September 5, 2020.

5.

The plaintiffs checked in their rooms, and the front desk representative indicated that there were no non-smoking rooms available for that day.

6.

The plaintiffs were concerned because of Mr. Edwards' sensitivity to smoke.

7.

Although the hotel offered the plaintiffs the opportunity to wait for an hour for a non-smoking room to be cleaned, they declined the offer.

8.

The plaintiffs went to a room that was designated as a smoking room, and there was a machine running that provided for better air circulation.

9.

However, later after entering the room Mr. Edwards had a significant breathing episode that left him in distress beginning on September 6, 2020.

10.

Ms. Goins also endured breathing problems, as a result of the condition of the room.

11.

A Harrah's security officer was on the scene along with another security guard and other first responders.

12.

The above-referenced incident, the resulting injuries and damages sustained by the plaintiffs were caused by the negligence of the defendant in the following manner:

    a. Failing to operate a hotel in a safe manner;

    b. Failing to equip a room with a properly functioning air purifying machine;

    c. Failing to take action to prevent the subject incident and

    d. Other acts of commission and omission that constitute negligence.

13.

The acts of commission and omission of the defendant were the proximate cause of the subject incident, the injuries of the plaintiffs and the resulting damages sustained by the plaintiffs.

14.

The acts of the defendant constitute negligence under Mississippi law.

WHEREFORE, plaintiffs pray that this Complaint is deemed good and sufficient and that the same is served on the defendant and that after all legal delays elapse, a judgment is entered in favor of the plaintiffs and against the defendants, together with legal interest from the date of this demand and for all costs of these proceedings.

Respectfully submitted,

s/Rayford G. Chambers
Rayford G. Chambers, Esq. (#10503)
P. O. Box 12393
Jackson, MS  39236
Telephone:  601.914.0248
Email:      rchambers@cglawpartners.com